IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JAMES MURRAY, a/k/a        :
JAMES HINES,               :
                           :
        Petitioner         :      CIVIL NO. 3:CV-14-2013
                           :
    v.                     :
                           :      (Judge Conaboy)
                           :
WARDEN EBBERT,             :
                           :
        Respondent         :

### MEMORANDUM
### Background

James Murray, a/k/a James Hines, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg), initiated this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Named as Respondent is USP-Lewisburg Warden Ebbert.

Murray's petition is accompanied by an in forma pauperis application (Doc. 3) and a motion seeking appointment of counsel (Doc. 2). The Court will grant Petitioner temporary leave to proceed in forma pauperis for the sole purpose of the filing of his Petition with this Court

According to his Petition, Murray is presently serving a sentence imposed by the District of Columbia Superior Court in

1

1980.¹ See Doc. 1, ¶ 4. Petitioner alleges that he has another consecutive sentence imposed by the Superior Court of Massachusetts to serve. Petitioner does not challenge the legality of his current District of Columbia conviction, resulting sentence, or the execution of said sentence.

Rather, Murray solely seeks federal habeas corpus relief with respect to the lodging of a purportedly "unconstitutional detainer" with federal correctional officials and the United States Parole Commission by the Commonwealth of Massachusetts regarding future service of the consecutive sentence. See id. at ¶ 5. Petitioner vaguely claims that his Massachusetts state sentence is "unduly excessive" and constitutes cruel and unusual punishment. Id., p. 11. As relief, Murray asks that the "detainer and sentence not be executed." See id. at ¶ 15.

## Discussion

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). See, e.g., Mutope v. Pennsylvania Board of Probation and Parole, Civil No. 3:CV-07-472, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.). The Rules are applicable to § 2241 petitions under Rule 1(b). See, e.g., Patton v. Fenton, 491 F. Supp. 156,

---

¹ Petitioner indicates that he has been imprisoned for the past 36 years. See Doc. 1, p. 11. According to the Petition and accompanying exhibits, Murray has been granted release on parole with respect to his District of Columbia sentence.

2

158-59 (M.D. Pa. 1979).

In pertinent part, Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." In this case, it is apparent from the facts of the petition that Murray cannot seek habeas relief in this Court.

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). Review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

Two prior similar habeas corpus actions filed by Petitioner in this Court were transferred by to the United States District Court for the District of Massachusetts.[2] In a joint decision, the District of Massachusetts determined that both of those actions should be dismissed for want of jurisdiction. See Doc. 1, p. 23.

As previously discussed by this Court's prior rulings with respect to Murray's challenge to Massachusetts state detainer, although a § 2241 petition is "the appropriate procedure under

---

[2] Therein this Court noted that Petitioner was convicted of armed robbery and escape in Massachusetts state court. See Murray v. Commonwealth, 918 N.E.2d 787 (Mass. 2009).
In addition this Court concluded that the proper forum within which to attack the legality of a detainer issued by the Commonwealth of Massachusetts claims was the United States District Court for the District of Massachusetts.

3

which to challenge the validity of a detainer against an individual in federal custody," Kirkpatrick v. Ohio, Civil Action No. 1:07-CV-2202, 2007 WL 4443219, at *1 (M.D. Pa. Dec. 18, 2007)(Conner, J.); see also Potocki v. Thomas, Civil Action No. 3:14-906; 2014 WL 2214283 *3-4 (M.D. Pa. May 28, 2014)(Mannion, J.); Holmes v. Thomas, Civil Action No. 2014 WL 6911395 *4 (M.D. Pa. Feb. 21, 2014)(Brann, J.); and the petition must be brought, not in the jurisdiction in which the inmate's current custodian is found, but in the jurisdiction in which the state official lodging the detainer is located. Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973).

As explained in Graham v. Brooks, 342 F. Supp.2d 256, 261 (D. Del 2004), "when a federal prisoner challenges his future confinement by challenging a state detainer, the federal warden is not" the prisoner's custodian. Rather, the "petitioner is deemed to be in custody of the state officials lodging the detainer, at least for the purposes of the habeas action." Id. (citing Rumsfeld v. Padilla, 542 U.S. 426, 438 (2004). See also Bennett v. Attorney General of Florida, Civil Action No. 6:07-3505, 2007 WL 4146779 * 7 (D. S.C. Nov. 20, 2007); Holmes v. Thomas, Civil Action No. 14-2248, 2014 WL 3866070 *3 (S.D. N.Y. Aug. 6, 2014)(petitioner is deemed to be in the custody of the state officials lodging the detainer); Holley v. Brown, Civil Action No. 13-23, 2013 WL 951547 *2 (E.D. Ky March 7, 2013). Graham reiterated that the district court having jurisdiction over the state officer who issued the detainer has habeas jurisdiction over § 2241 petitions filed in

4

such cases. See id. at 261-62.

Petitioner is solely challenging the legality of a detainer issued by the Commonwealth of Massachusetts. In accordance with the numerous decisions cited above, the United States District Court for the District of Massachusetts is the proper forum within which to attack the legality of a detainer issued by the Commonwealth of Massachusetts and also to answer the question of whether Murray has exhausted any remedies available to him under Massachusetts state law. Consequently, this matter will be dismissed without prejudice to any right Petitioner may have to seek relief from that court. An appropriate Order will enter.

_____
RICHARD P. CONABOY
United States District Judge

DATED: OCTOBER   , 2014

FILED
SCRANTON

OCT 2 2 2014

PER_____
DEPUTY CLERK

5